**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carter Hughes, | No. CV-22-00202-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Jesse Medina, et al., | |
| Defendants. | |

On October 8, 2021, Plaintiff Carter Hughes filed a complaint in Pima County Superior Court alleging multiple causes of action arising from the alleged sale of an Instagram account. (Doc. 1-5.) The Complaint alleges that the account was originally owned by Defendant Jesse Medina, who was served with the initial pleading on October 27, 2021. Without having submitted an answer, Defendant filed a Notice of Removal in the United States District Court for the Northern District of California. (Doc. 6-1.) There, the court found the removal to be "frivolous" because 28 U.S.C. § 1441(a) only permits removal to the district court "where such action is pending." The action was remanded on February 9, 2022. (Doc. 6-2.) Defendant then filed a second Notice of Removal in this Court on April 15, 2022. (Doc. 1.). Pending before the court is Plaintiff's Motion to Remand the action back to Pima County Superior Court. (Doc. 6.)

**I.    Discussion**

The Defendant has the burden of overcoming the presumption against removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Further, the

Defendant must show that he has complied with the procedural requirements of removal. *Schwartz v. FHP Int'l Corp.*, 947 F.Supp. 1354, 1360 (D. Ariz. 1996). Remand is the proper remedy when there is any defect in the removal procedure. *See* 28 U.S.C. § 1447.

For the following reasons, the Court will grant Plaintiff's motion, remand the case to state court, and award Plaintiff his attorney's fees and costs.

### A. Timeliness of Removal

Defendant's notice of removal was untimely filed. "The notice of removal of a civil action or proceeding shall be filed within **30 days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (emphasis added).

Here, the initial pleading was served on Defendant on October 27, 2021. Defendant was required to file his notice of removal by November 26, 2021. Notice of removal to this Court was not filed until April 15, 2022, 170 days after the initial pleading. Defendant has acknowledged his lack of punctuality in filing the notice but offered no legal authority to excuse the untimeliness.

Defendant also asserts that the prohibition on second removals pertains only to removal "on the same ground," and cites authority for the proposition that "[a] defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a *new and different ground for removal."* (Doc. 8 at 4 (emphasis added.) But, as Defendant later states, "none of the facially apparent facts alleged in the complaint have changed." (*Id*. at 5.) And Defendant sought removal in both instances in reliance on the same complaint and grounds – diversity jurisdiction. Thus, the case shall be remanded to Pima County Superior Court.

### B. Attorney's Fees

The Court will grant Plaintiff's motion for attorney's fees because Defendant lacked an objectively reasonable basis for removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred

as a result of the removal." 28 U.S.C. § 1447(c). As a collateral matter, this Court retains jurisdiction to award attorney's fees after being divested of jurisdiction on the merits. *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 445 (9th Cir. 1992). An award of attorney's fees is proper when the removing party lacks an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Further, the District Court has broad discretion in awarding attorney's fees upon remand. *Moore*, 981 F.2d at 447. An award of attorney's fees does not require a finding of bad faith. *Id.* at 446.

Here, Defendant's removal was objectively unreasonable. The statute clearly limits the time for removing a case to federal court. Defendant has acknowledged that his notice was untimely filed. He provides no relevant authority to excuse the untimeliness and his request that a procedural error not stand in the way of removal suggests that he is aware of the legal deficiency. Because Defendant has failed to present an objectively reasonable basis for the second removal, the Court will award Plaintiff his fees and costs.

**II.   Conclusion**

For the foregoing reasons,

**IT IS HEREBY ORDERED** granting Plaintiff's Motion to Remand. (Doc. 6.) The Clerk of the Court is directed to remand this action to Pima County Superior Court.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Attorney's Fees and Costs is granted. (Doc. 6.)

**IT IS FURTHER ORDERED** Plaintiff shall submit a fee request with appropriate documentation within fourteen (14) days of the date of this order.

Dated this 17th day of June, 2022.

_____
Honorable Jennifer G. Zipps
United States District Judge